In the Matter of the Application of HENRY W. SCHMIDT and Another for Letters of Testamentary Guardianship Upon the Estate of GEORGE ULMER CLAUSEN, a Minor.

*Testamentary guardian — he can be appointed by a surviving parent only — void appointment by a deceased parent — not made valid by the assent of the surviving parent.*

The power to appoint a testamentary guardian is statutory, and under the Revised Statutes, as amended by chapter 175 of the Laws of 1893, the surviving parent only is authorized to appoint a testamentary guardian of his or her unmarried minor children. The word "husband," as used in such statute, evidently means "father."

The void act of the father of a minor, in attempting to appoint a testamentary guardian of his property during the lifetime of the mother of such minor, cannot be validated by the subsequent assent thereto of such mother.

APPEAL by the petitioners, Henry W. Schmidt and another, from an order of the Surrogate's Court of New York county, entered in the office of the clerk of the New York County Surrogate's Court on the 28th day of January, 1894, denying their application for letters of guardianship.

*Moses Weinman*, for the petitioners, appellants.

FOLLETT, J.:

The power to appoint a testamentary guardian is statutory and was first given by 12 Charles II, chapter 24, section 8. In *The Matter of the Earl of Ilchester, Ex parte* (7 Ves. 370), Lord ALVANLEY said: " It is clear, by the common law, a man could not by any testamentary disposition affect either his land or the guardianship of his children. The latter appears never to have been made the subject of testamentary disposition till the statute 12 Charles II." (7 Pick. Stat. at Large, 474 ; 2 Kent's Comm. 225 ; 2 Steph. Comm. [8th ed.] 310 ; 1 Black. Comm. 462.) Hence, such guardians are called in the books guardians by statute or statutory guardians.

Section 8 of 12 Charles II, chapter 24, was enacted in this State March 1, 1787. (Chap. 47, Laws 1787, § 11 ; 2 J. & V. 96 ; 2 Republished Laws of N. Y. 448.) This provision was re-enacted

February 20, 1801 (1 R. L.* [1801] 181, § 18), and again March 5, 1813 (1 R. L. [1813] 368, § 18), and was incorporated in the Revised Statutes. (2 R. S. 150.) From time to time the Revised Statutes relating to this subject have been amended so that before the passage of chapter 175, Laws of 1893 (which is an amendment of the Revised Statutes), it was provided that the father, during the lifetime of the mother, might appoint a testamentary guardian of unmarried minors, and that the mother surviving the father might also appoint one for her unmarried minor children. (4 R. S. [Banks' 8th ed.] 2612; chap. 454, Laws 1888.)

By the Revised Statutes, as amended in 1893, the father and the mother are declared to be the joint guardians of their minor children. The word "husband" is used in the statute, but it evidently means "father," as it cannot be presumed that the Legislature intended that a husband should become joint guardian with the mother of children by a former marriage. This act repeals the authority conferred by the former statutes upon the father to appoint a testamentary guardian during the lifetime of the mother. Under the Revised Statutes, as amended, only the surviving parent is authorized to appoint such a guardian. (*People* v. *Boice*, 39 Barb. 307.) The father, having no power under the statute to make the appointment, his void act in attempting to do so cannot be validated by the subsequent assent of the mother. The testamentary guardianships which the testator attempted to create were limited to the estates of the minors, but we need not now consider whether such a qualified guardianship is authorized by the statute. It is difficult to see any good reason for taking any risks in this case. The persons to whom it is desired to have letters of testamentary guardianship issued can easily be appointed the general guardians of the infants.

The order should be affirmed.

PARKER, J., concurred; VAN BRUNT, P. J., concurred in the result.

Order affirmed.

---

* See Republication of Session Laws under chapter 341 of the Laws of 1885, vol. 5, chapter 9.—[REP.