(25 Civ. Proc. R. 42.)

## In re ALEXANDRE et al.

(Surrogate's Court, New York County. June, 1895.)

TESTAMENTARY GUARDIAN—POWER TO APPOINT SURVIVING MOTHER.
    Under Laws 1893, c. 175, giving the right to appoint a testamentary
    guardian to the surviving parent, a father has no power by his will to
    appoint the surviving mother guardian of his infant children.

Application for letters of guardianship of the persons and estates of Jerome Alexandre and Leonie Alexandre. Denied.

Frank L. Hall, for petitioner.

ARNOLD, S.   The petitioner is the mother of the infants in this proceeding, wherein she applies for letters of guardianship of their persons and estates.   The father of the infants having deceased, the petitioner would be entitled to letters, pursuant to the provisions of Code, § 2827, upon proper application therefor, the minors being under the age of 14 years.   In such case, security must be required of her.   Id. § 2830.   But she makes application for letters without bond, under section 2852, as a guardian appointed by will.   Her petition therefor is based upon the provisions of the will of her deceased husband, the father of the minors, which was admitted to probate in this county on October 31, 1894;  such petition having been duly presented within three months thereafter.   The testator, by his will, in terms, appointed his wife, the petitioner, guardian of such of his children as should be minors at the time of his death, which occurred August 8, 1894.   By chapter 175, Laws 1893, the legislature of this state enacted an amendment to section 1, tit. 3, c. 8, of the second part of the Revised Statutes.   The effect of such amendment was considered by the general term of the supreme court, in this district, in Re Schmidt, reported in 77 Hun, 201, 28 N. Y. Supp. 350; and it was there held that it repealed all authority conferred by former statutes upon the father to appoint a testamentary guardian during the lifetime of the mother, and that no such authority existed independent of statute.   In that case the father, by will, undertook to appoint guardians of his minor children.   His wife was not one of the appointees, but she gave her written assent that letters should be granted to the nominees of the will, as testamentary guardians.   The court held that such assent did not remove the difficulty.   It is argued here that the legislature never could have contemplated a case like the present one, or intended to forbid the appointment by a parent, in his will, of the surviving parent as guardian of their minor children.   But if the power to make such appointment did not exist at common law, and it is not conferred by any statute, no force can be given to it, if its exercise is attempted.   I cannot see that the fact that the attempted appointment is of the surviving parent alters the case.   She can apply for letters of guardianship, and can obtain them, upon giving the security required by law.   This may involve some hardship, but that cannot be avoided.   As the general term suggests in its opinion in the case cited, it is not well to take any risks in such matters.   The application must be denied.