BROWN, P. J.
— The controversy between the parties to this proceeding relates to the custody of Arthur Byrne, an infant of the age of about four years, and a son of the petitioner. The appellants are the maternal uncles of the infant, and claim tu be entitled to retain custody of him, on the ground (1) tuat they ,are his testamentary guardians, under the last will and testament of his mother, and (2) that the petitioner is not a fit and proper person to have the custody of his son. The learned judge who heard the case at special term overruled both of these claims, and we concur with his conclusions.
The appellants wholly failed to show anything in the character of the petitioner, or in reference to his conduct towards the infant or its mother, which would have permitted the court to have denied to him the care and custody of his son. The appellants acquired no right in reference to the child, under its mother's will. The petitioner had the legal right to have the custody of his son, and the attempt upon the part of Mrs. Byrne to dispose of his custody during his minority, by her last will and testament, created no right whatever in the appellants as against the petitioner. At common law, the father had the legal right to control his minor child, and was entitled to its custody absolutely,'to the-exclusion of -its mother. This rule has been modified by the statutes of this state, and the course of legislation upon the subject appears in 2 Rev. St. p. 150, § 1; Laws 1871, c. 32; Laws 1888, 454; Laws 1893, c. 175. In the last statute cited, every married women is declared to be the joint guardian of her children with her husband, with rights and duties in regard to them equal toiler husband; and upon the death of either parent the survivor is given the right, by deed or will, to dispose of the custody of such child or children during their minority, or for any less time. This statute is still in force, and the petitioner, being the surviving parent, has the sole right to appoint the testamentary guardian of the child, and his right to its custody is absolute, assuming hi in to be a fit person. In re Schmidt, 77 Hun, 201; 56 St. Rep. 772.
*685 It appears that the petitioner and his wife were married in 1890 and in May, 1892, Mrs. Byrne commenced an action in the court of common pleas in the city of New York to obtain a separation from her husband, on the ground of cruel treatmenL The petitioner appeared, and put in an answer in the action. The case, however, was never brought to-trial, and was pending, undetermined, in August, 1895, when Mrs. Byrne died. Prior to her death, her deposition was taken in the action de bene .esse, and was filed May 1, 1894. In this deposition she testifies to acts of cruel treatment upon the part of her husband towards her. Upon the hearing of this proceeding, this deposition was offered in evidence by the appellants, and, upon the petitioner’s objection, was1 excluded, to which their was an exception. The learned counsel for the appellants strenuously contends that this ruling was erroneous. We are of the opinion, however, that the deposition was properly excluded. The question is controlled by section 830 of of the Code of Civil Procedure. This section limits the admission of the testimony of a deceased witness, given tipon the trial of an action or the hearing of a special proceeding, to a new trial or hearing of the same action or proceeding in which the testimony was given. The ruling excepted to was therefore clearly correct, and the order musí? be affirmed, with §10 costs and disbursements.