that large section from contributing to street and parkway improvements of this kind, then the legislation will result invidiously against citizens residing elsewhere in the city. This is a glaring oversight, as well as unjust, and the construction which accomplishes this rests upon inference. To me, the more reasonable construction is that which makes the act a symmetrical whole; that gives effect to the first and second sections by putting the scheme in harmony with the plan already in general operation, and by construing section 12 as referring solely to the manner in which the city of Buffalo is to raise the money to make effective the project, without changing the terms of the charter so far as it relates to the rights of individuals.

The counsel for the appellant raises several other objections to the act, and to the mode of procedure under it, but they are well disposed of in the opinion of Mr. Justice ADAMS.

The judgment should be affirmed, with costs.

HARDIN, P. J., concurs.

---

(39 App. Div. 485.)

### In re BRIGG'S WILL.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

GUARDIANS—COMPENSATION—WILLS.

    Testator devised his estate in trust for his wife during her life, and, after her death, for his surviving children, and nominated certain persons as guardians of the estate of the children, and directed the payment to them of a fixed sum for such services as they might be required to render. *Held* that, where the children became of age during the widow's life, no estate vested in them, and hence, no services having been required of the persons nominated as guardians, they could not recover the compensation prescribed by the will.

Appeal from surrogate's court, New York county.

Judicial settlement of the account of Abbie O. Brigg and another, as executors and trustees under the last will and testament of Benjamin L. Brigg, deceased. From so much of a decree as refuses to allow Kate M. Jenkins and Henry Bischoff, Jr., commissions as guardians, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

John A. Straley, for appellants.
John C. Gulick, for respondents.

RUMSEY, J. Benjamin L. Brigg, of the city of New York, made his will, in the year 1889, by which, after giving a few legacies which are not material here, he devised all the rest and residue of his estate, real and personal, to his executors, in trust, to receive the rents, issue, income, and profits thereof, and pay them to his wife during her life, and to pay to his sons when they, respectively, should arrive at the age of 35 years, out of the principal of the estate, such sum or sums as his wife should approve of. The will further provided that if his wife should die before him, or after her death,

if she should survive him, the executors should divide his estate into· two shares, and pay the income of one share to each of his sons· during his life, with directions to pay one half of the principal to each son when he should reach the age of 35 years, and to keep the· other half invested, and pay the income to him during his life. The will contained a further provision with regard to the payment of the remainder of the principal to the sons, which it is not necessary to consider. The testator further provided that should his· wife, Abbie Olivia Brigg, be deceased at the time of his death, he· nominated Kate.M. Jenkins and Henry Bischoff, Jr., to be guardians of the persons of such children as should not then have attained lawful age. By another clause of his will, he nominated and appointed. the same persons guardians of the estate of his children surviving. him who should not at the time of his death have attained lawful. age; and he directed that each of the guardians aforesaid should' receive, for such services as they might be required to render, the sum of $500, such sum to be paid them by the executors or their successors. Upon this accounting, the two persons named as guardians insisted that the sum of $500 should be paid to each of them, pursuant to the provisions of the will. This was refused by the surrogate, and, from so much of the decree as refuses to pay them such sum, the appeal is taken.

The testator died on the 15th day of March, 1893. As the law stood on that day, he had authority to appoint by his will the persons who should have the care, custody, and tuition of his children, but he did not attempt to execute this power unconditionally, but, in case his wife should not be living at his death, he nominates Kate M. Jenkins and Henry Bischoff, Jr., to be guardians of the person of such of his children surviving him as should not then have attained lawful age. As Mrs. Brigg survived the testator, the appointment of guardians of the person of his son did not take effect, and his wife, the mother of the son, became his guardian. As such, she was expressly authorized, as guardian of the person of the child, to take the custody and management of his personal estate, and.the profits of his real estate, during the time of his guardianship, and to·bring such·actions in relation thereto as a guardian in socage might by law. 2 Rev. St. (9th Ed.) pp. 1896, 1897, §§ 1–3. The appointment of the same persons to be guardians of the estate of his children was made by a separate clause of the will, but we are not aware of any statute which authorizes a parent to appoint a guardian of the estate of his child separate from the guardian of his person. It would seem, therefore, that the person who by statute was the guardian of the child after the death of his father was the person entitled to do all those acts which a guardian might do under the statute. If it were necessary to the determination of this case, it might be interesting to examine further this question, whether it would be possible for a father to appoint by will one person as the guardian of his child and another person as the guardian of the estate of that child. But it seems to us that such an examination is entirely unnecessary. The will was made in 1889. At that time each of his children was a, minor, and if the mother had died before the testator, and the

father had died during the minority of the children, each child would have been entitled to a considerable amount of money, of which the guardian would be required to take charge. There was a reason, therefore, why a provision should be made by the father for the care and custody of his children and the guardianship of his estate, and it was probably a wise provision of his will to fix their compensation. But the compensation was fixed only for such services as they might be required to perform as guardians of the estate of the two children, and not as a legacy, and it is quite clear, from those words, that the testator did not intend that the money should be paid to them unless they actually performed, in the capacity of guardians, such services as guardians would naturally be expected to perform during the minority of their wards. Such services consist in taking care of the real and personal estate of the ward, and in nothing else; for unless the ward has an estate of which the guardian may become possessed, and for which he is responsible, he cannot perform any services with regard to that estate. In this case, at the time of the death of the father, one of the sons had already reached his majority. As to him, therefore, it was quite clear that no guardian could act. The other son, although yet a minor, being in his nineteenth year, was not entitled to receive anything under his father's will, either in possession or in remainder, during the time of his minority, unless it should happen that his mother died during that time. But his mother did not die, and the son became of age in $2\frac{1}{2}$ years after his father's death. At that time the right of the guardians to act as such ceased. During the time that they were nominally guardians of the estate of this son, they took possession of nothing; they incurred no responsibility about his estate; there was no estate with which they had any right to interfere; and it is not possible to conceive of any services which they could have performed in that regard. It is quite true that one of the guardians testifies that he was consulted by Mrs. Brigg about investments of the estate, and about its management; but the estate about which he was consulted did not, nor did any part of it, belong to his ward, nor was there any certainty at that time that the interest of his ward, which was entirely contingent, would ever vest in right or in possession. We think, therefore, that the conclusion of the surrogate that no services were required of the guardians, in their capacity as such, during the short time that intervened between the death of the testator and the majority of his younger son, and that, therefore, they did not become entitled to receive the money which the testator intended as compensation purely for services which they might render in the performance of their duty as guardians of the estate, was correct.

So much of the decree of the surrogate as is appealed from must therefore be affirmed, with costs to be paid by the appellants. All concur.