In the Matter of the Judicial Settlement of the Account of AUGUSTUS B. KELLOGG and GEORGE C. MILLER, as Executors, etc., of EDWIN L. BURDICK, Deceased, Appellants.

ALICE H. BURDICK, Individually and as Guardian of MARION BURDICK and Others, Infants, and Others, Respondents.

Fourth Department, January 3, 1906.

Guardian — father cannot appoint testamentary guardian to exclusion of mother — when testamentary guardians cannot act as trustees.

A will in which a father leaves his property to minor children and nominates and appoints two persons to be guardians of the persons and three persons to be the joint guardians of the estate of each of said children and directs that the property shall be received, held and paid out by them jointly as such guardians, is ineffective to dispose of the guardianship of the person or property of said children to the exclusion of their mother, who survives the testator.

Such appointment is in violation of the Domestic Relations Law, section 51, which makes the mother joint guardian of her children with her husband.

Nor can such will be construed as making such persons trustees of the estate of the infants, for no express trust is therein created, nor are the powers of trustees therein conferred.

Under such circumstances, the mother has the right of general guardianship of the persons and property of such infants.

WILLIAMS, J., dissented.

APPEAL by Augustus B. Kellogg and another, as executors, etc., of Edwin L. Burdick, deceased, from portions of a decree of the Surrogate's Court of Erie county, entered in said Surrogate's Court on the 21st day of April, 1905.

*William C. White* and *Robert W. Pomeroy*, for the appellants.

*Simon Fleischmann* and *Frederick B. Hartzell*, for the respondents.

SPRING, J.:

Edwin L. Burdick of the city of Buffalo died leaving him surviving his widow and their three minor children. He left a will by which, after a few general legacies, he gave, by the 3d paragraph,

all his property, comprising over $30,000, after the payment of the general bequests, to these minor children. The succeeding provision is as follows: "*Fourth.* I nominate and appoint Charles S. Parke and Risley Tucker to be guardians of the persons of my three children, and Augustus B. Kellogg, George H. Dunston and George C. Miller to be the joint guardians of the estates of each of my three children, and I direct that all funds and securities belonging to each of my children shall be received, held and paid out by them jointly as such guardians." He appointed said Kellogg, Dunston and Miller executors of his will, which was duly admitted to probate and letters testamentary issued thereon.

The mother of the children has been appointed their general guardian by the Surrogate's Court of Erie county, having given a satisfactory bond in the penalty of $60,000 for the discharge of her duties as such guardian. Upon the judicial settlement of the account of the said executors, the general guardian claimed that the 4th subdivision of the will designating guardians of these children was void and asked that the residuary fund be transferred to her as general guardian, and the surrogate has adopted her construction of this paragraph. The exclusive power vested in the husband by the common law to appoint a testamentary guardian of his children, even though their mother survived him, has been abrogated and the matter is now regulated entirely by statute. (*Matter of Schmidt,* 77 Hun, 201.)

Chapter 175 of the Laws of 1893 amended section 1 of title 3 of chapter 8 of part 2 of the Revised Statutes by providing : "Every married woman is hereby constituted and declared to be the joint guardian of her children with her husband, with equal powers, rights and duties in regard to them with the husband." It further gave the surviving parent authority by will or deed to "dispose of the custody and tuition" of their unmarried minor children during their minority or for a less period. This statute was in substance re-enacted in section 51 of the Domestic Relations Law (Laws of 1896, chap. 272), which has been since amended by chapter 159 of the Laws of 1899.

It is obvious that by this section a consistent scheme was designed, vesting authority over the minor children and of their property in the father primarily, and upon his death in the mother. The

extent of the powers, and of the liabilities as well, are the same in the case of the mother, upon the death of the father, as he possessed. Her right, if she survived her husband, to transmit the "custody and tuition" of the children during their minority to "any person or persons" implies that she is transmitting a power which she possesses. She could not vest another with this plenary authority unless held by her. "Custody and tuition" indicates the management of property. Tuition implies not alone the instruction of the minor but the expenditure of money for that instruction which is one of the important duties imposed upon the guardian or one charged with the control of a minor. Neither parent can transgress this statutory right of guardianship by vesting this power in another by deed or will. (*Matter of Schmidt, supra; Hagerty* v. *Hagerty*, 9 Hun, 175; *People ex rel. Byrne* v. *Brugman*, 3 App. Div. 155.)

The object of the statute in vesting the power over the children in the surviving mother was to place her on the same plane as the father and to render the authority absolute and not subject to diversion at his behest or instance.

The attempt of Mr. Burdick, therefore, to dispose of the guardianship of the person and also of the estate of his children to the exclusion of their mother is in violation of the statute.

It is strenuously urged, however, that these so-called guardians of the estate are trustees of the property bequeathed to these children or are intrusted with its management and control the same as trustees.

The testator had the power to name trustees of his estate, to direct the method of its investment and expenditure and the inception and termination of the authority, but that has not been done by his will. He designates the persons named "joint guardians of the estates of each of my three children" and the funds are to be managed and controlled by them "jointly as such guardians." The term "guardian" has a definite signification and the powers and duties of that functionary are regulated by statute and he is subject to control and investigation by the surrogate. (See Dom. Rel. Law, §§ 52, 53, as amd. by Laws of 1903, chap. 369; Code Civ. Proc. § 2472.) The functions which these persons would exercise pursuant to this will would be entirely those of guardianship and their authority would

end as to each child with his minority. The testator has not attempted to create trustees. Had that been his purpose, we would expect to find in the will some directions pertaining to the investment and management of the property intrusted to them and something denoting the life of the trusteeship and indicating clearly that an express trust was intended to be created. As was said in *Matter of Hawley* (104 N. Y. 250, 261): "To constitute a testamentary trustee it is necessary that some express trust be created by the will. Merely calling an executor or guardian a trustee does not make him such. Every executor and every guardian is, in a general sense, a trustee, for he deals with the property of others confided to his care. But he is not a trustee in the sense in which that term is used in courts of equity and in the statutes."

In *Post* v. *Hover* (33 N. Y. 593), relied upon by the appellants' counsel, while the trustee was denominated guardian, yet his authority was minutely set out in the will, and the duties imposed upon him as the custodian of the property of the infants signified that his functions were those of a trustee. The bare name attached to the authority we concede does not determine conclusively its character. That is fixed by the obligations accompanying the transmission of the authority.

If Burdick had prescribed the extent of this power, defined it in his will, the nature of it would have been made manifest and would override a contrary designation by name. There is nothing in this instrument to indicate that the testator used the word "guardians" with any other than the ordinary signification. It is apparent from the fact that he appointed guardians of the person as well as of the property of these infants that he was not aware that the statute vested the guardianship in their mother upon his decease and that he could not usurp her right. Probably if he had known of this limitation of his authority he would have vested his estate in trustees, prescribing their duties with reference to it. We cannot cure this omission or lack of knowledge on his part. The courts indulge in great latitude in construing a will to make effectual the intention of the testator, but they cannot make a new will for him.

There is grave doubt as to the power of the testator in any event to name one person as guardian of the person and another of the estate of his children (*Matter of Brigg*, 39 App. Div. 485; affd.,

165 N. Y. 673), but we do not deem it necessary to pass upon this question.

The decree should be affirmed, with costs of all parties to be paid out of the fund.

All concurred, except WILLIAMS, J., who dissented.

Decree of Surrogate's Court affirmed, with costs of all parties payable out of the estate.