(110 App. Div. 472)

## KELLOGG et al. v. BURDICK et al.

(Supreme Court, Appellate Division, Fourth Department. January 3, 1906.)

1. GUARDIAN AND WARD—TESTAMENTARY GUARDIAN—APPOINTMENT.

   The exclusive power vested in the husband by common law to appoint a testamentary guardian of his children, even though their mother survive him, has been abrogated by statute.

   [Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guardian and Ward, § 36.]

2. SAME—RIGHTS OF MOTHER.

   Under Laws 1893, p. 303, c. 175, declaring that every married woman is declared to be the joint guardian of her children with her husband, with equal rights and duties in regard to them with the husband, and giving the surviving parent authority by will or deed "to dispose of the custody and tuition of their minor children during minority," a husband's attempt by will to dispose of the guardianship of his minor children to the exclusion of their mother, who survived him, was void.

3. SAME—STATUTE—CONSTRUCTION.

Laws 1893, p. 303, c. 175, giving a surviving parent authority by will or deed to dispose of the "custody and tuition" of their minor children, confers on such surviving parent the management of both the persons and estates of their surviving minor children.

4. SAME—WILL—CONSTRUCTION.

Where testator nominated two persons "to be guardians of the persons" of his three minor children, and nominated three others to be the joint guardians of the estates of each of such children, and directed that all funds and securities belonging to each of the children should be received, held, and paid out by them as such guardians, such provision could not be sustained as against testator's surviving wife, who was the mother of the children, on the ground that the persons so nominated were in effect mere trustees of the children's property.

Williams, J., dissenting.

Appeal from Surrogate's Court, Erie County.

Action by Augustus B. Kellogg and another, as executors of the estate of Edwin L. Burdick, deceased, against Alice H. Burdick, individually and as guardian of certain minors, and others, for the construction of a will. From a portion of a surrogate's decree in favor of defendants, plaintiffs appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

William C. White, for appellants.

Simon Fleischmann and Frederick B. Hartzell, for respondents.

SPRING, J. Edwin L. Burdick, of the city of Buffalo, died, leaving him surviving his widow and their three minor children. He left a will by which, after a few general legacies, he gave by the third paragraph all his property, comprising over $30,000, after the payment of the general bequests, to these minor children. The succeeding provision is as follows:

"Fourth: I nominate and appoint Charles S. Parke and Risley Tucker to be guardians of the persons of my three children, and Augustus B. Kellogg, George H. Dunston, and George C. Miller to be the joint guardians of the estates of each of my three children, and I direct that all funds and securities belonging to each of my children shall be received, held and paid out by them jointly as such guardians."

He appointed said Kellogg, Dunston, and Miller executors of his will, which was duly admitted to probate and letters testamentary issued thereon. The mother of the children has been appointed their general guardian by the Surrogate's Court of Erie county, having given a satisfactory bond in the penalty of $60,000 for the discharge of her duties as such guardian. Upon the judicial settlement of the account of the said executors the general guardian claimed that the fourth subdivision of the will, designating guardians of these children, was void, and asked that the residuary fund be transferred to her as general guardian, and the surrogate has adopted her construction of this paragraph. The exclusive power vested in the husband by the common law to appoint a testamentary guardian of his children, even though their mother survived him, has been abrogated and the matter is now regulated entirely by statute. Matter of Schmidt, 77 Hun, 201, 28 N. Y. Supp. 350.

Chapter 175, p. 303, of the Laws of 1893, amended a section of the Revised Statutes by providing:

"Every married woman is hereby constituted and declared to be the joint guardian of her children with her husband, with equal powers, rights and duties in regard to them with the husband."

It further gave the surviving parent authority by will or deed to "dispose of the custody and tuition" of their minor children during their minority, or for a less period. This statute was in substance re-enacted in the domestic relations law (chapter 272, p. 215, Laws 1896), comprising article 5, §§ 50 to 54, of that law. It is obvious that by these sections a consistent scheme was designed, vesting authority over the minor children and of their property in the father primarily, and upon his death in the mother. The extent of the powers, and of the liabilities as well, are the same in the case of the mother, upon the death of the father, as he possessed. Her right, if she survive her husband, to transmit the "custody and tuition" of the children during their minority to "any person or persons," implies that she is transmitting a power which she possesses. She could not vest another with this plenary authority unless held by her. "Custody and tuition" indicates the management of property. Tuition implies, not alone the instruction of the minor, but the expenditure of money for that instruction which is one of the important duties imposed upon the guardian or one charged with the control of a minor. Neither parent can transgress this statutory right of guardianship by vesting this power in another by deed or will. Matter of Schmidt, 77 Hun, 201, 28 N. Y. Supp. 350; Hagerty v. Hagerty, 9 Hun, 175; People ex rel. Byrne v. Brugman, 3 App. Div. 155, 38 N. Y. Supp. 193. The object of the statute in vesting the power over the children in the surviving mother was to place her on the same plane as the father, and to render the authority absolute, and not subject to diversion at his behest or instance. The attempt of Mr. Burdick, therefore, to dispose of the guardianship of the person and also of the estate of his children to the exclusion of their mother is in violation of the statute.

It is strenuously urged, however, that these so-called guardians of the estate are trustees of the property bequeathed to these children or are intrusted with its management and control the same as trustees. The testator had the power to name trustees of his estate, to direct the method of its investment and expenditure and the inception and termination of the authority, but that has not been done by his will. He designates the persons named "joint guardians of the estate of each of my three children," and the funds are to be managed and controlled by them "jointly as such guardians." The term "guardian" has a definite signification, and the powers and duties of that functionary are regulated by statute, and he is subject to control and investigation by the surrogate. The functions which these persons would exercise pursuant to this will would be entirely those of guardianship, and their authority would end as to each child with his minority. The testator has not attempted to create trustees. Had that been his purpose, we would expect to find in the will some directions pertaining to the investment and management of the property intrusted to them and something denoting the life of the trusteeship, and indicating

clearly that an express trust was intended to be created. As was said in Matter of Hawley, 104 N. Y. 250 at page 261, 10 N. E. 352, at page 356:

"To constitute a testamentary trustee, it is necessary that some express trust be created by the will. Merely calling an executor or guardian a trustee does not make him such. Every executor and every guardian is, in a general sense, a trustee, for he deals with the property of others confided to his care. But he is not a trustee in the sense in which that term is used in courts of equity and in the statutes."

In Post v. Hover, 33 N. Y. 593, relied upon by the appellants' counsel, while the trustee was denominated guardian, yet his authority was minutely set out in the will, and the duties imposed upon him as the custodian of the property of the infants signified that his functions were those of a trustee. The bare name attached to the authority, we concede, does not determine conclusively its character. That is fixed by the obligations accompanying the transmission of the authority.

If Burdick had prescribed the extent of this power, defined it in his will, the nature of it would have been made manifest, and would override a contrary designation by name. There is nothing in this instrument to indicate that the testator used the word "guardians" with any other than the ordinary signification. It is apparent from the fact that he appointed guardians of the person, as well as of the property, of these infants that he was not aware that the statute vested the guardianship in their mother upon his decease, and that he could not usurp her right. Probably if he had known of this limitation of his authority, he would have vested his estate in trustees, prescribing their duties with reference to it. We cannot cure this omission or lack of knowledge on his part. The courts indulge in great latitude in construing a will to make effectual the intention of the testator, but they cannot make a new will for him.

There is grave doubt as to the power of the testator in any event to name one person as guardian of the person and another of the estate of his children (Matter of Brigg, 39 App. Div. 485, 57 N. Y. Supp. 390, affirmed 165 N. Y. 673, 59 N. E. 1119); but we do not deem it necessary to pass upon this question.

The decree should be affirmed, with costs of all parties to be paid out of the fund. So ordered. All concur, except WILLIAMS, J., who dissents.