CHARLES R. HUGHES, Plaintiff, *v.* EVERETT S. HISCOX, JESSE F. HISCOX et al., Individually, etc., Defendants.

(Supreme Court, Queens Special Term, January, 1920.)

**Wills — provisions of — a direction that executors employ a person not binding — executors and administrators.**

A will though absolute and unconditional is not a contract, and a provision that testator's son-in-law shall be retained and employed in the conduct of a business which testator directs shall be continued by his sons, who are the executors, at a salary of $2,000 a year, is not binding upon the executors.

MOTION for judgment on the pleadings.

William H. Siebrecht, Jr., for plaintiff.

Robert S. Pelletreau, for defendants.

. VAN SICLEN, J. The defendants move for judgment on the pleadings after demurring to the complaint. It appears that the will of David Hiscox, who died in 1906, provided as follows: " I will and direct that my son-in-law, Charles R. Hughes, be retained and

employed in the conduct of said business of the Hiscox Chemical Works at a salary of $2,000 per year.''

The will further provided that said business be continued by his two sons whom he nominated as his executors. The said sons did continue said business, but have at all times refused to employ the plaintiff as directed, and he has brought this action to recover for damages which he claims to have suffered by reason of said refusal amounting to $24,000, or twelve years' salary.

The plaintiff brought a previous action wherein the sufficiency of the complaint was passed on by another justice of this court (*Hughes* v. *Hiscox,* 105 Misc. Rep. 521), where it was held that plaintiff was not a legatee under the will and was not entitled to maintain against the executors an action at law for damages. After so deciding the issues before it, the court then went on to point out that it thought the plaintiff had an action in equity to impress a lien upon the estate in their hands for the damages he had suffered by reason of the failure of the executors to employ him. The plaintiff did not plead over in that action as he was permitted to do, but elected to submit to a dismissal of that complaint. He has now brought a new action wherein his complaint is practically the same as in the former action, except that he has added as defendants all the legatees and distributees under the will and has changed his prayer for relief in an endeavor, apparently, to follow out the court's suggestion as aforementioned. So that the questions involved may be considered *de novo.*

The chief question in the case is whether or not the provision of the will above quoted is binding on the executors. The authorities on the subject were exhaustively reviewed in the previous decision and need not be quoted again. Most of the cases involving this

Misc.]                    Supreme Court, January, 1920.

proposition have been cases where the person concerned was an attorney whom the decedent directed his executors to employ or else the provision was precatory rather than mandatory, and the courts have always avoided enforcing such a provision by holding in the one class of cases that the relationship of attorney and client was so personal and confidential that it would be against sound policy to enforce it and in the other class of cases that the provision was merely the expression of a wish which the executors were free to follow or disregard. But underlying the more recent decisions of *Matter of Caldwell,* 188 N. Y. 115, and *Matter of Wallach,* 164 App. Div. 600; affd., 215 N. Y. 622, there can be spelled out the further principle, that if by carrying out the direction of the testator the executors will incur a personal liability, the provision will not be enforced. It may be conceded that such a rule is not only salutary but necessary.

It must be determined then whether or not the employment of the plaintiff by the defendant executors could involve them in a personal liability. It seems clear from the many decisions on that subject, only a few of which are here quoted, that the executors would incur a personal liability in employing the plaintiff. There can be no doubt that the doctrine of *respondeat superior* would apply. The direction of the will is that the plaintiff be " employed in the conduct of said business," so that if binding the direction leaves no option to the executors. If the plaintiff has a right to demand anything he has a right to demand that he be employed by the defendants in their conduct of the business, so that if he mislabeled some of the product, caused injury to another by his negligent act, or did or failed to do any act that caused damage to another, the defendant executors, as his employers, would be responsible under the law in every way that any

employer would be, but without the power to choose their employees with reference to their fitness or competency. In fact, if they must employ him, they could not discharge him for any cause. They have no discretion in the matter and their liability in this respect would be personal. *Gatti-McQuade Co.* v. *Flynn,* 79 Misc. Rep. 430; *Helling* v. *Boss,* 121 N. Y. Supp. 1013; *Decillis* v. *Mascelli,* 152 App. Div. 304; *Van Slooten* v. *Dodge,* 145 N. Y. 327; *Willis* v. *Sharp,* 113 id. 586.

It does not seem, therefore, that the provision in question should be enforceable, and it follows that the plaintiff has no right of action. The plaintiff concedes that he has performed no services, and unless the provision is mandatory the plaintiff must perform some service. *Matter of Wallach, supra; Matter of Brigg,* 39 App. Div. 485. It cannot be construed as a gift. *Matter of Wallach,* 164 id. 604. A will, though absolute and unconditional, cannot be termed a contract. *Brearley School* v. *Ward,* 201 N. Y. 358. The demurrers to the complaint are, therefore, sustained.

Ordered accordingly.