Edgar F. Hazleton, S.
Now and then one comes across a will wherein the testator directs that the attorney who drafted his will be retained by the executor to probate the will ■ and take care of the estate. Such a provision is in the testament before me. However, the executrix, who is the widow of decedent, saw fit to retain another attorney. The attorney chosen by the testator applies for enforcement of the testamentary direction. The question presented, although not new, impresses me as being of interest to those who might be disposed to put such a provision in a will.
It appears that when the will was executed the applicant herein was the family attorney. Later, the testator moved to Suffolk County where he and his wife became the neighbors of the exeeutrice’s attorney, who attended to whatever legal matters they had. The law is well settled that the selection of a testamentary fiduciary’s attorney cannot be controlled by the dead hand of the decedent. (Matter of Caldwell, 188 N. Y. 115; Matter of Blauaug, 193 Misc. 744.) It follows that the executrix was at liberty to select the attorney of her choice. The application is therefore denied.
Proceed accordingly.