OPINION OF THE COURT
Renee R. Roth, S.
This is an application to construe paragraph sixteenth of decedent’s will which provides: "I direct that my executor or any successor executor shall appoint as accountant for my estate, Morton E. Swetlitz, who shall be paid the sum of $40,000 for his services to my estate.”
Decedent, Clinton Wilder, died on February 16, 1986 leaving an estate valued at $6,000,000. The accountant named in the will alleges that he was retained by the nominated executor on February 16, 1986, the day testator died, and discharged without cause on May 1, 1986. There is no retainer agreement.
*660 The threshhold issue is whether a testator can require his fiduciary to appoint a specific accountant. This question has not previously been the subject of judicial comment in this State. However, our courts have held that a testator’s direction that his executor retain a specific attorney is not binding because the fiduciary, who is ultimately responsible for the acts of his agent, must be free to select an attorney in whom he has confidence (Matter of Caldwell, 188 NY 115; Matter of Wallach, 164 App Div 600, affd 215 NY 622; Matter of Kordes, 14 Misc 2d 940).
The Appellate Division observed in Wallach (supra, at 602) that "[W]hen one considers the necessarily confidential relationship which prevails between the attorney and his client, the reason for the refusal to allow the testator to control the designation of the attorney, who shall represent the executor and subject him to liability of many kinds, becomes apparent”.
This principle was extended in Hughes v Hiscox (110 Misc 141) to a direction that the fiduciary employ testator’s son-in-law in the family business.
Because the relationship between an executor and his accountant is also one of trust and could expose the fiduciary to liability for the accountant’s activities, this court holds that the direction in paragraph sixteenth of Mr. Wilder’s will may not be enforced.
Since the direction to employ Mr. Swetlitz is unenforceable and was clearly not intended as a legacy, his contention that once retained he became entitled to be compensated in the stated amount of $40,000 is untenable. An executor is authorized by statute (EPTL 11-1.1 [b] [22]) "to pay all * * * reasonable and proper expenses of administration from the property of the estate”. Although the employment of the accountant was suggested by the testator in his will, it is axiomatic that after being discharged, his compensation depends upon the services he performed and the cause of his discharge. No matter how such issues are eventually determined, the compensation to be paid from estate assets cannot be other than "reasonable”.
Counsel are directed to appear for conference at 10:30 a.m. on November 17, 1988 to resolve the remaining issues with respect to Mr. Swetlitz’s compensation.