RICHARDSON et al. v. RICHARDSON et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1911.)

1. WILLS (§ 820*)—LEGACIES—LIABILITY OF REAL ESTATE.
    Legacies are charges against the real estate or the proceeds thereof, as well as the personalty, where the legacies greatly exceeded the personal estate when the will was executed, and when testator died, and where all the property was disposed of as a whole.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2121; Dec. Dig. § 820.*]

2. EXECUTORS AND ADMINISTRATORS (§ 490*)—COMPENSATION—ABATEMENT.
    Executors' compensation provided by the will is not a legacy and does not abate with the legacies on insufficiency of the estate to satisfy the legacies, where it does not appear that the stipulated compensation is unreasonable or unearned, and the services were fully and faithfully performed.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2078–2088; Dec. Dig. § 490.*]

Submitted controversy between Samuel A. Richardson and another, executors, and Samuel A. Richardson and others. Judgment for plaintiffs.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

David D. Ackerman, for plaintiffs.

Omri F. Hibbard, for defendant Church Charity Foundation of Long Island.

Roger Hinds, for defendant T. Alfred Hayden.

RICH, J.  This controversy is submitted under the provisions of article 2 of title 2 of chapter 11 of the Code of Civil Procedure, §§ 1279–1281, inclusive.

Asa Bond Richardson died testate in the borough of Brooklyn on May 7, 1908, leaving no widow or lineal descendants, and the legatees named in his will are relatives of himself and his deceased wife, with the exception of the First Baptist Church of Jefferson, Me., and the Church Charity Foundation of Long Island. The plaintiffs, a nephew and niece of the decedent, were named in his will as executor and executrix. They qualified and entered upon the discharge of their duties, have reduced the estate to cash, paid the funeral and administration expenses and all debts of their testator, and are now ready

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to render their account. It is stipulated that "they have performed properly and carefully all the duties required of them by the will," which provided their compensation as follows:

"Eleventh: My library, I leave with S. A. Richardson and Adelaide Weeks to be held by them for a Free Library for the Town of Jefferson, Maine, or the North Village in said town. If neither the town nor village makes a home for the books within two years after my death, then let the books be sold and proceeds put in the residuary. My nephew and niece are to have One hundred and fifty dollars each for this work. Likewise, I make, constitute and appoint Samuel A. Richardson of Jefferson, Maine, and Adelaide Weeks, to serve without bonds and to receive Five hundred dollars each to be executor and trix of this my last will and testament hereby revoking all former wills by me made."

The will did not expressly give a power of sale to the executors. An agreement was entered into, however, by all of the parties, under which they conveyed by deed to the plaintiff Richardson, as an individual, said real property, he to sell the same, pay the mortgage liens thereon and the expenses incurred, and hold the balance as real estate for the parties according to their respective rights. This agreement has been performed, and there is in Richardson's hands a net balance of $2,793, the avails of the sales of real estate. There is also in the hands of the executors a balance of $1,969.10 for distribution after the necessary expenses of administration, including the compensation to the executors, has been paid. The testator gave legacies totaling $10,700 to his nearest relatives and several religious charity organizations, and gave to his executors the sum of $1,300 for their services. The will was drawn by the testator, and shows him to have been an intelligent and well-educated man. His account book, kept in his own handwriting, shows that at the time the will was executed the total net value of his personal property was $905.08, while his cash bequests aggregated $12,000. His entire gross personal assets were of a value of only $4,905.08. Including his real property at the valuation he placed upon it ($15,000), his total estate real and personal at the time the will was executed was $15,905.88. His realty sold for $12,000, and the entire estate exceeded the cash bequests by $905.88.

[1] At the time of his death, the net value of his personal estate was $1,683.41, and his real estate $4,500, aggregating $6,183.41 as against cash bequests of $12,000 and the costs and expenses of administration. The funeral and administration expenses amounted to $841.05, which added to the testamentary compensation of the executors makes a total of $2,141.05, leaving a shortage in the personal estate as it existed when the will was executed of $1,235.97, and not a dollar to pay the $10,700 legacies, unless recourse was had to the realty. The testator knew when he executed his will that his personal property was insufficient to pay even the amount he had determined his executors should receive for their services, and it is not to be presumed that he intended to prefer the corporations to the exclusion of his own kindred, and it is noticeable that he disposed of both his real and personal property as a whole and without making any distinction between real and personal property. I think that it was the intent of the testator that his real and personal estate togeth-

er were to furnish the fund out of which the legacies were to be paid. The deficiency existed at the time the will was executed. It is so large and so obvious as to preclude any possible inference that the testator did not know and realize it, and it must be held that the legacies are a charge upon the real property of the decedent. Mc-Corn v. McCorn, 100 N. Y. 511, 3 N. E. 480; Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054; Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292; McManus v. McManus, 179 N. Y. 338, 72 N. E. 235; Irwin v. Teller, 188 N. Y. 25, 80 N. E. 376.

The first question submitted, "Are the legacies in the will a charge upon the fund of $2,793, as representing the real estate?" is answered in the affirmative.

[2] The remaining contention is as to whether the executors' compensation shall be paid in full or abate ratably with the legacies. Section 2730 of the Code of Civil Procedure recognizes the right of a testator to provide a specific compensation by will to his executor. In Matter of Brigg, 39 App. Div. 485, 57 N. Y. Supp. 390, it was held under the provisions of a will that appointed guardians of the testator's infant children and directed that each should receive for their services $500, that such provision was not a legacy but a testamentary fixing of their compensation, and this is the rule, I think, that should govern the determination of the question under consideration. In each legacy the testator uses the words "I give." He does not use this term or the word "bequeath" in directing compensation for his executors. He does not characterize it as a gift, but as compensation. They "are to have One hundred and fifty dollars each for this work * * * and to receive Five hundred dollars each to be executor and trix." It is clear that the testator intended that his executors should administer his entire estate, real as well as personal, for it is incredible that he should have provided a compensation of $1,300 for their services in distributing his personal estate amounting to only $905.08. He believed that they had the power to sell the realty and apply its avails to the payment of the legacies, and for such full and complete service he fixed and apportioned the compensation, viz., $150 each for their services connected with his library, and $500 each for all other services. At testator's death, the property became vacant; claims were made by the general legatees that their legacies were charges upon the realty and by the residuary legatees that they were not. The real estate was unmarketable under such conditions, and it became necessary for all parties to unite in carrying out the plan that the testator evidently had in mind by uniting in a conveyance to one of the executors that he might sell and give a valid title. The mortgages thereon were paid, the title cleared, the property rented until opportunity for sale offered, and then sold. There was $7,500 mortgage indebtedness, in addition to which Mr. Richardson in executing his trust disbursed $2,216.55. There is no objection made that the compensation of $500 to each executor is unreasonable or unearned, and it is stipulated that their services have been fully and faithfully performed. As was said in Matter of Tilden, 44 Hun. 441, 444,

in which the Surrogate's Court had held that a similar compensation provided in a will, in excess of that allowed by law, was not a legacy:

"The provisions in the will were intended to be as compensation for services rendered, to be in no respect a gift, but an authority to charge for their services a certain sum." ·

The compensation provided by the will is not a legacy, and does not abate with the legacies, but is compensation, carefully determined by the testator and directed to be paid for the services to be rendered, and is therefore to. be paid in full. ‸

Judgment is directed for the plaintiffs in accordance with this opinion, with costs to the plaintiffs payable out of the estate. All concur.

