In the Matter of the Accounting of BANK OF NEW YORK, as Trustee under a Declaration of Trust Made by JABEZ A. BOSTWICK.

Supreme Court, Special Term, New York County, May 21, 1947.

*Emmet, Marvin & Martin* for trustee.

*Thomas F. McAndrews,* special guardian and guardian ad litem for certain infants.

EDER, J. The petitioner is the trustee of an express trust under a declaration of trust.

On August 19, 1889, Jabez A. Bostwick entered into an agreement of trust indenture with the petitioner wherein the latter was designated as the trustee of the trust and it thereupon accepted the same and entered upon the discharge of its duties as such trustee and has ever since continued to perform such duties.

The settlor created an *inter vivos* trust to provide a personal income and home for his sister, Martha Wyatt; she had an only daughter, Martha A. Kennedy. Martha Wyatt died on March 4, 1893. Martha A. Kennedy died on April 14, 1946, intestate, a resident of the State of Nebraska, and the trust thereupon terminated. It appears that no administrator has been appointed for her estate; she was survived by her husband, eight children and fourteen grandchildren and two great-grand-children; of these one great-grandchild was *en ventre sa mère* at the time of her death, not born until October 2, 1946, and one of the grandchildren was *en ventre sa mère,* born on January 1, 1947.

The settlor of the trust died on August 16, 1892.

Petitioner, by this application, seeks a judicial settlement of its account from the inception of the trust to October, 1946; for a construction of the trust and the rights of persons interested therein and for instructions with respect to the distribution of the principal of the trust, and the commissions payable to it, discharging it from all further liability, accountability and responsibility for its acts and proceedings, down to the final date of the account, and fixing the fees and allowances of its attorneys.

The trust indenture embraces real and personal property; but the real property, which was situated in the State of Ohio, is not involved in this application.

The questions presented for determination relate to the provisions of the trust with respect to the distribution of the trust principal as same concerns the eight children of said Martha A. Kennedy, the fourteen grandchildren and the two great-grandchildren, and whether the distribution is to be made per stirpes or per capita.

With regard to the personal property the settlor made an original contribution of $25,000 in securities consisting of twenty-five New Haven & Derby Railroad Company Real Estate Mortgage Certificates of Indebtedness of the par value of $1,000 each and numbered from No. 51 to No. 75, both inclusive.

By the terms of the trust indenture the trustee was directed:

" 2. To hold said certificates, or substitutes therefor as hereinafter provided, and to collect all dividends, income or increase, whether in money, shares or other income payable on, or arising from or accruing to said certificates or their substitutes and to pay the same to the said Martha Wyatt during her natural life, but only upon her personal receipt for the same.

" 3. In the event of the death of the said Martha Wyatt, then the party of the second part [trustee] shall pay over to her said daughter, if she be then alive, said income during her natural life, but only upon her personal receipt for the same, and upon her death, leaving lawful issue, then to transfer and pay over said certificates, or substitutes therefor to her said issue, share and share alike, as a gift absolutely and forever.

" Should, however, the said daughter of Martha Wyatt, die leaving no lawful issue, then the party of the second part is directed to transfer said certificates or their substitutes to the next of kin of the said Martha Wyatt, as the laws of the State of Ohio shall then direct, as a gift absolutely and forever.

" If the said daughter of Martha Wyatt, be not living at the time of the death of her said mother, then in that case said certificates or their substitutes shall be paid over to the next of kin of said Martha Wyatt, as hereinbefore directed * * *."

Process was duly served upon all parties who might have any interest in the trust under said indenture pursuant to an order of this court. The order authorized any party to the proceeding to file on the return day of the order either a verified answer to the petition herein, or objections to the account as filed, or both.

A special guardian and guardian ad litem were appointed herein on behalf of certain infants, he being the same person. He filed a report which I shall receive and construe as an answer to the petition. No other respondent has made answer to the petition.

The guardian ad litem urges that the corpus of the trust should be distributed per stirpes and not per capita and thereby include the children, fourteen grandchildren and two great-grandchildren of said Martha A. Kennedy and that the corpus of the trust be divided into twenty-four parts and

distributed in equal one-twenty-fourth shares to each of them.

In support of this position he refers to the rule that the term " issue " generally is construed to include all descendants, in all degrees (*Central Hanover Bank & Trust Co.* v. *Pell*, 268 N. Y. 354, 358). He submits, further, that while the settlor evinced an intention to provide for his sister, Martha Wyatt, and for her only daughter, said Martha A. Kennedy, he evidences no intention, upon her death, to limit the distribution of the corpus of the trust, but, rather indicates an intent to direct payments to descendants of said Martha A. Kennedy and that when he used the term " issue " he had in mind the unlimited scope of distribution or he would not have set forth an alternative distribution to the next of kin of his said niece. In sum, that the trust indenture manifests an intent on his part to keep the inheritance in the daughter's blood line.

The intent of the creator of a trust controls the interpretation of the trust instrument and the trust convention is to be construed in accordance with the settlor's intent as gathered from the entire document.

From a consideration of the entire trust indenture it seems to me that it was the intention of the settlor to take care of the closest stock first before anything was to go to the next generation and that the words " share and share alike " indicate this intention and that the term " issue " was used as synonymous with " children " and that it was not the grantor's intention that the grandchildren and great-grandchildren should share equally with the children of said Martha A. Kennedy; that it was the intent of the settlor to limit the inheritance of said Martha A. Kennedy to her immediate children on her death, the distribution to be to them alike, if they were all living, and that if any of them predeceased her, his or her children should share by way of representation.

I reach the conclusion, therefore, that a proper construction of said provision requires the determination that the trust property is now payable to the eight children of Martha A. Kennedy in equal one-eighth shares as the " issue " of said Martha A. Kennedy, and it is so adjudged.

As to the commissions on the principal payable to the trustee pursuant to paragraph " 4 " of the trust indenture, the trustee seeks instructions as to whether the commissions on principal payable are the usual commissions at the rates now in effect or at the rates in effect in 1889.

The rule applicable is that if the instrument creating the trust, or other agreement, fixes the compensation, the compen-

sation thus fixed will be the measure of allowance to the trustee (*Matter of Schell,* 53 N. Y. 263, 265; *Meacham* v. *Sternes,* 9 Paige Ch. 398, 404; *Matter of Whitney,* 78 Cal. App. 638; 65 C. J., Trusts, § 832).

The account of the trustee is settled as filed, with compensation as indicated.

Fees and disbursements of the attorneys for the trustee are allowed as requested.

Allowance to special guardian and guardian ad litem, $350, inclusive.

The trustee is to be discharged upon complying with the terms of the order to be entered hereon.

Motion disposed of as indicated.  Settle order.