Nathan R. Sobel, S.
There are two separate issues raised in this proceeding: (1) the right of an executor to commissions on a specific disposition, and (2) the right of the executor to pay estate attorneys compensation solely out of a particular legatee’s share of the estate.
Factually the issues are related. The beneficiary of the specific disposition became involved in litigation with his divorced wife. It is the contention of the petitioner executor that, because of such litigation, it was (1) compelled to perform executorial functions with respect to the specific disposition, and (2) compelled to require its attorneys to perform legal .services for the estate.
The facts are briefly stated.
The testatrix, Mrs. Povlsen, for many years prior to the execution of her will and continuing until her death, maintained an agency account with petitioner bank, now executor under her will. She bought and sold securities in this account. All securities were registered in her name. All dividends were deposited to her personal account in the same bank. In essence the bank was a custodian of a changing portfolio of securities and performed minor agency functions. These securities, upon Mrs. Povlsen’s death, represented about 40% of her gross estate.
Her will, executed some 10 years before her death, provided: ‘ ‘ eighth : I give and bequeath to my stepson, paúl k. povlsen, all my interest in an Agency Account that I have established with the kings county trust company. If the amount passing to my said stepson under this bequest is less than the sum of fifteen thousand ($15,000.) dollars, then and in that event I give to my said stepson such sums as will be necessary to make the total gift to him fifteen thousand ($15,000.) dollars. Should my said stepson, paúl k. povlsen, predecease me, then I give and bequeath the legacy herein given him to his wife and daughters me surviving, in equal shares.”
The securities in the agency account far exceeded the alternate disposition.
The executor contends that the dispostion is general or demonstrative. This court rules that it is specific and therefore *241 ordinarily no commissions are payable (SCPA 2307, subd. 2). The indicia of a specific disposition are (1) the reference to “ my ” interest in an agency account; (2) an exemption of the disposition from any estate taxes elsewhere in the will (Matter of Roth, 29 A D 2d 941); and (3) the alternative general bequest (see Matter of Griffing, 11 A D 2d 709, 710) is consistent with a prior specific bequest. Such a holding is consonant with the majority of the cases involving very similar dispositions (Matter of Baker, 146 Misc. 437 [balance in bank accounts]; Matter of Lozier, 191 Misc. 263 [my stock]; Matter of Cannavo, 59 Misc 2d 889 [any and all bonds]; Matter of Lane, 55 Misc 2d 88 [my bank account]; see, also, specific legacies generally, Matter of Fitzgerald, 23 N Y 2d 973; Matter of Howe, 15 A D 2d 396; Matter of Coleman, 39 Misc 2d 837).
Surrogate Di Falco in Matter of Roth (53 Misc 2d 1066, mod. 29 A D 2d 941) discusses the “history” of the limitation of commissions on specific legacies. The Fifth Report of the Commission on Estates (No. 7.7B, p. 1190; N. Y. Legis. Doc., 1966, No. 19) discusses the reasons for the limitation and recommends statutory modification of the “ no commission ” rule for specific dispositions. The recommendations were not supported by the commission and not adopted by the Legislature. Instead the statute in specific terms provided that no commissions shall be paid on specific dispositions (SCPA 2307, subd. 2).
The theory of the statutory prohibition is that, like many non-testamentary 'dispositions (joint property, insurance, pensions, etc.), these too are considered as if passing directly to the beneficiary. Even if in fact necessarily received and then delivered by the executor, such incidental duties are considered voluntary (Schenck v. Dart, 22 N. Y. 420; Collier v. Munn, 41 N. Y. 143; Matter of Columbia Trust Co., 186 App. Div. 377; Matter of Utica Trust 7 Deposit Co., 148 App. Div. 525).
There is at least one exception to the “no commission” rule. That exception is found where the will itself directs the executor to perform executorial functions with respect to a specific disposition — most frequently in a “divide and pay over” direction (Matter of Fisher, 93 App. Div. 186; Matter of Berwind, 181 Misc. 559; Matter of Grosvenor, 105 Misc. 344).
But what if not the will itself but circumstances arising during administration require the executor to perform executorial functions? The few cases which discuss the subject suggest that commissions are not payable (Matter of Fisher, 93 App. Div. 186, supra; Matter of Kuker, 22 Misc 2d 63). One reason is of course that the statute in express terms denies commissions and the right to commissions is purely statutory in this State. *242 Another reason is that when the will itself requires the performance of executorial functions, the executor has no choice except to comply; therefore commissions are payable. But where circumstances arising during administration require such duties, the executor has a choice; no commissions are payable.
Specific dispositions for all purposes pass directly to the legatee. The executor may exercise some custodial function if he believes the estate may be insolvent or if the specific disposition must bear its share of estate taxes. If the occasion arises where more important executorial functions are necessary, he may require the legatee to perform these himself or retain his own attorney.
He can agree with the legatee to perform such functions for compensation in the nature of commissions; if so, this is a matter of contract not statute. Matter of Fisher (supra) suggests an implied contract for compensation (p. 188) viz., il It might be that under such circumstances the executor could exact and enforce compensation for his services against the legatees ”. Statutory commissions however are not payable, since the executor has the choice to refuse to perform any services with respect to specific dispositions.
We discuss the second issue, the executor’s request that the estate attorneys’ fees be paid out of the specific disposition.
The attorneys for the executor became involved in litigation between the specific legatee Paul K. Povlsen and his divorced wife. The latter attached the agency account by a pre-judgment attachment in an action in the Supreme Court. The executor trust company was named a party defendant in its representative capacity, and also individually, for no apparent reason. The complaint requested damages of $130,000. The specific legatee Povlsen was also named a party defendant and appeared by his own attorney. Nevertheless the attorneys for the estate were required to make many appearances, engage in correspondence and conferences and to make a motion to dismiss. The action was ultimately settled. As part of the settlement the executor was requested by the attorneys for the legatee to sell some of the stock in the agency account. These are the “ executorial functions” mentioned earlier in the opinion.
Now, incidental to the settlement of the account, the attorneys for the executor seek additional compensation for the services rendered to the estate but ask for a direction that such compensation be paid out of the specific disposition.
The statute (SOPA 2110) in pertinent part provides:
“ 1. At any time * * * the court is authorized to fix and determine the compensation of an attorney for services rendered *243 to a fiduciary or to a devisee, legatee, distributee or any person interested.
“ 2. * * * The court may direct payment therefor from the estate generally or from the funds in the hands of the fiduciary belonging to any legatee, devisee, distributee or person interested.”
There is of course no doubt that the court may fix compensation of an attorney for the estate and also the compensation of an attorney retained by a devisee, legatee, distributee or person interested. This is simply a matter of contract between such parties. With one exception (a proceeding by a beneficiary which results in enhancement or financial gain to the estate) each must look to his own client for payment — the attorney for the estate out of estate funds, the attorney for the beneficiary out of that beneficiary’s share of the estate (Matter of Winburn, 160 Misc. 49). Costs and allowances (which sometimes include attorneys’ fees) are another matter not in issue here. (See Matter of O'Brien, 146 Misc. 555; also, SCPA 2301, subd. 3; SCPA 2302, subd. 6.)
Petitioner executor however construes the quoted statute to permit the court to fix the value of the attorneys’ services to the estate but to charge it against the specific disposition of the legatee whose conduct resulted in the litigation. On the surface this seems fair. However, with a few statutory exceptions labeled “ costs ” and “ allowances ”, the expense of attorneys’ fees cannot be charged against an adverse litigant — and surely not against a coparty. Compensation of attorneys is always a matter of contract express or implied; it may never be imposed upon a person not a client (Matter of Loomis, 273 N. Y. 76). Many cases so hold in connection with the practice in the Surrogates Courts (Matter of Winburn, 160 Misc. 49, supra; Matter of Frame, 162 Misc. 34; Matter of Hurewitz, 174 Misc. 182; Matter of Heilbronner, 39 Misc 2d 912). It is quite true that in all of these cases it was the legatee who sought to charge the expenses of his attorney against the estate. No cases are cited in petitioner’s brief where the estate attorney’s compensation was sought to be charged against a legatee (see Matter of Penney, 60 Misc 2d 334; but cf. Matter of Voice, N.Y.L.J., Sept. 12, 1968). However, the principle is the same: where there is no attorney-client relationship, attorneys’ fees cannot be charged against an adverse or coparty in any proceeding.
Perhaps the law should be changed. Since we permit a legatee attorney’s compensation to be charged against the estate if his services result in enhancement or financial benefit (Matter of *244 Wiltshire, 4 A D 2d 981; Matter of Lounsberry, 226 App. Div. 291; Matter of Hirsch, 154 Misc. 736), why not against the legatee if his conduct unnecessarily causes expense to the estate? This is a legislative not a judicial matter.
The petition is in all respects denied.
It is entertained, however, as a petition for additional compensation for legal services rendered to the estate. The parties may be heard on the amount or submit affidavits.