[*]ESTATE OF GUSTAV HENNING, DECEASED, FIRST NATIONAL CITY BANK, DAVID T. GIBBONS, GUSTAV E. HENNING AND PAUL G. REILLY, JR., EXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1181–75. Filed June 13, 1977.

*Paul G. Reilly, Jr.,* for the petitioner.
*L. William Fishman,* for the respondent.

---

[*] Opinion withdrawn Dec. 27, 1977.

[6] See also *Coker Pontiac, Inc. v. Commissioner,* T. C. Memo. 1975–305; *Misceramic Tile, Inc. v. Commissioner,* T. C. Memo. 1968–31.

OPINION

SCOTT, *Judge:* Respondent determined a deficiency in estate tax in the amount of $45,525.43. Some of the issues raised by the pleading have been disposed of by agreement of the parties, leaving for our decision only whether petitioner is entitled to deduct as executors' commissions any amount in excess of the $35,378.16 allowed by respondent on the basis of a computation made pursuant to the provisions of the laws of the State of New York with respect to allowable executors' commissions.

All of the facts have been stipulated and are found accordingly.

Gustav Henning (hereinafter decedent) died on March 13, 1971, a resident of Point Lookout, N. Y. The executors of the estate of decedent are First National City Bank, David T. Gibbons, Gustav E. Henning, and Paul G. Reilly, Jr., all legal residents of New York State on the date of the filing of the petition in this case. An estate tax return was filed with the District Director, Internal Revenue Service, Brooklyn, N. Y., on December 13, 1971.

The total gross estate reported on the return was $783,811.49. Decedent's will, dated May 12, 1970, and a handwritten codicil thereto bearing the same date was filed for probate on June 23, 1971, in the Surrogate's Court, Nassau County, Mineola, N. Y. Decedent's will made provisions for several specific bequests as follows with the value indicated:

| Item | Value |
| --- | --- |
| Clothing, jewelry, other articles of a personal nature, automobile, and boat | $1,912 |
| Stock of Henning Bros. & Smith, Inc. | 49,264 |
| Release of indebtedness | 200,000 |

Decedent's estate had outstanding a loan of $200,000 which was secured by various stocks and bonds owned by decedent of a total reported value of $474,795.52. The specific bequest forgiving the indebtedness of $200,000 was contained in article Sixth, which provided as follows:

In the event my son, GUSTAV E. HENNING, is indebted to me at the time of my death, I release and discharge him from such debt except as to

the amount of the estate and inheritance taxes as may be occasioned by the inclusion of such debt in my taxable estate.

There was included in the gross estate as reported on the estate tax return the note of Gustav E. Henning to decedent which was listed at a value of $200,000.

Article Tenth of decedent's will provided as follows:

I nominate, constitute and appoint FIRST NATIONAL CITY BANK, a national banking association, the HON. DAVID T. GIBBONS, and my attorney, PAUL G. REILLY, as Executors of and Trustees under this, my Last Will and Testament, without any security being required of them in any jurisdiction. If, for any reason, either DAVID T. GIBBONS or PAUL G. REILLY fail to qualify or cease to act as Executor or Trustee hereunder, then I nominate and appoint PAUL G. REILLY, JR. in the place and stead of the one not qualifying or ceasing to act and no security shall be required of him.

Each Executor shall be entitled to one full commission computed under the Laws of the State of New York in effect at the time of my death on all real and personal property (other than property held by me in joint tenancy) whether or not specifically devised or bequeathed. Commissions shall be computed on the gross fair market value of the property without regard to any lien or charges against it.

Each Trustee shall be entitled to one full commission from time to time allowed by the Laws of the State of New York and such commissions shall be charged against the principal of the fund. If, for any reason, FIRST NATIONAL CITY BANK fails to qualify or ceases to act as Executor or Trustee hereunder, in such event the persons or person then accepting such appointment or then acting hereunder shall appoint such other Bank or Trust Company qualified to do business in the City of New York as they or he in their or his sole discretion shall determine, to act as Co-Executor or Co-Trustee hereunder.

Insofar as here pertinent, the codicil to decedent's will, dated the same day as the will, provided as follows:

I hereby amend Article Tenth of said Will as follows:

I constitute and appoint my son Gustav E. Henning as an executor of my said Will to serve with the persons named thereon and direct that he serve without bond and that he have all of the powers conferred on said Executors as though he were named in said Will dated May 12, 1970.

I hereby ratify and confirm my said Will in all other respects.

Sometime prior to November 7, 1973, the executors of decedent's estate filed a petition in the Surrogate's Court of Nassau County for advance payment of commissions. This petition recited the facts of decedent's will being filed for probate; that the United States estate tax return had been filed showing a gross estate of $783,811.49; that all bequests

specifically provided for in the will had been paid or distributed; that the estate tax shown to be due on the estate tax return had been paid; that an amount had been paid on account of New York estate tax; that the funeral expenses and all debts of decedent and all administrative expenses, other than commissions and attorney's fees, had been paid to the extent they had been fixed; and that the will provided that each executor is entitled to one full commission computed in accordance with the laws of the State of New York in effect at the time of decedent's death on all real and personal property, other than that held in joint tenancy, whether or not specifically devised or bequeathed. The petition then contained a computation showing that, on the basis set forth in the will, a full commission for each executor for receiving principal would be $9,775.61. The petition further stated that the executors were desirous of receiving on account of the commissions to which they would be entitled if a final accounting were filed and settled the sum of $9,775.61 each and prayed that an order be entered permitting each executor to then receive such sum.

On November 7, 1973, a decree was entered by the judge of the Surrogate's Court of Nassau County which recited the facts of the filing of the application and the provisions of the will and codicil thereto and concluded:

The application is accordingly granted and each executor is awarded the sum of $9,775.61 on account of commissions. The decree shall provide that each individual executor is to file a bond in the amount awarded.

Thereafter, on the same day, the judge of the Surrogate's Court of Nassau County entered an order stating as follows:

FIRST NATIONAL CITY BANK, GUSTAV E. HENNING, DAVID T. GIBBONS and PAUL G. REILLY, JR., as executors of the Last Will and Testament of GUSTAV HENNING, deceased, having presented their petition verified August 21, 1973, Sept. 20, 1973; August 21, 1973 and October 3, 1973, wherein they prayed for an order pursuant to SCPA 2311 permitting them to receive the amount of $9775.61 each on account of commissions,

Now, on motion of REILLY, FLEMING & REILLY, attorneys for the petitioner, it is

ORDERED, that pursuant to the provisions of SCPA 2311, the petitioners, as executors of the Last Will and Testament of GUSTAV HENNING, are authorized to pay to FIRST NATIONAL CITY BANK, GUSTAV E. HENNING, DAVID T. GIBBONS and PAUL G. REILLY, JR. the sum of

$9775.61 each on account of their commissions as such executors, and it is further

ORDERED, that GUSTAV E. HENNING, DAVID T. GIBBONS and PAUL G. REILLY, JR. execute and each file with this Court a separate bond with good and sufficient surety in the sum of $9775.61 each pursuant to SCPA 2311 to secure the return of the $9775.61 heretofore directed to be paid to them in the event the commissions that are ultimately allowed to them by the Decree on Accounting should be less than the sum of $9775.61, and it is further

ORDERED, that the petitioners bear the costs of this proceeding.

In determining the taxable estate, among the deductions claimed from the gross estate was $78,200 of "executors' commissions." Respondent, in his notice of deficiency, disallowed $42,821.84 of the deduction claimed for executors' commissions with the following explanation:

It is determined that executors commissions claimed on the return in the amount of $78,200 is unallowable in the amount of $42,821.84 because the claimed commissions are greater than the amount allowable by the laws of the State of New York and section 2053 of the IRC. Accordingly, the gross estate is increased in the amount of $42,821.84.

Section 2053(a), I.R.C. 1954,[1] provides that for purposes of determining estate tax the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts for administration expenses as are allowable under the laws of the jurisdiction under which the estate is being administered.[2] Respondent's regulations, sec. 20.2053–3(b), Estate Tax Regs., provide for the deduction of fees of executors or administrators.[3] Petitioner in this case takes the

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

[2] SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

* * *

(2) for administration expenses,

* * *

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

[3] Sec. 20.2053–3 [Estate Tax Regs.] Deduction for expenses of administering estate.

(b) *Executor's commissions.* (1) The executor or administrator, in filing the estate tax return, may deduct his commissions in such an amount as has actually been paid, or in an amount which at the time of filing the estate tax return may reasonably be expected to be paid, but no deduction may be taken if no commissions are to be collected. If the amount of the commissions has not been fixed by decree of the proper

position that under the provisions of section 2053(a) and regulation 20.2053-3(b), allowable executors' commissions under the law of the State of New York, which is the jurisdiction in which decedent's estate is being administered, are $78,200. Petitioner argues that a computation based on the provisions of decedent's will for allowing a full commission to each of the four executors without requiring a reduction for specifically devised or bequeathed property comes to this amount. Petitioner's contention is that where a will provides for specific executors' commissions, the provision of the will takes precedence over the statutory provision and the amount provided for in the will is the proper amount allowable for executors' commissions. Petitioner argues that the fact that the Surrogate's Court allowed partial commissions of $9,775.61 to each executor (a total of $39,102.44) is a clear indication that under New York law, because of the provisions in decedent's will, the $78,200 is the allowable executors' commissions.

Respondent, on the other hand, takes the position that the provision of New York statutes as to allowable executors' commissions is clear and the amount computed under the statutory provision is the amount of executors' commissions "allowable by the laws" of New York, "the jurisdiction" in which the estate is being administered. Section 2307, subsec-

---

court, the deduction will be allowed on the final audit of the return, to the extent that all three of the following conditions are satisfied:

(i) The district director is reasonably satisfied that the commissions claimed will be paid;

(ii) The amount claimed as a deduction is within the amount allowable by the laws of the jurisdiction in which the estate is being administered; and

(iii) It is in accordance with the usually accepted practice in the jurisdiction to allow such an amount in estates of similar size and character.

If the deduction is disallowed in whole or in part on final audit, the disallowance will be subject to modification as the facts may later require. If the deduction is allowed in advance of payment and payment is thereafter waived, it shall be the duty of the executor to notify the district director and to pay the resulting tax, together with interest.

(2) A bequest or devise to the executor in lieu of commissions is not deductible. If, however, the decedent fixed by his will the compensation payable to the executor for services to be rendered in the administration of the estate, deduction may be taken to the extent that the amount so fixed does not exceed the compensation allowable by the local law or practice.

(3) Except to the extent that a trustee is in fact performing services with respect to property subject to claims which would normally be performed by an executor, amounts paid as trustees' commissions do not constitute expenses of administration under the first category, and are only deductible as expenses of the second category to the extent provided in sec. 20.2053-8.

tions 1, 2, and 5 of the Surrogate's Court Procedure Act of New York (SCPA 2307, 1, 2, and 5), provides for commissions of fiduciaries other than trustees.[4] This section provides for

---

[4] Sec. 2307, subsecs. 1, 2, and 5 of the Surrogate's Court Procedure Act of the State of New York, in effect at the date of decedent's death provides as follows:

S.C.P.A. 2307. Commissions of fiduciaries other than trustees.

1. On the settlement of the account of any fiduciary other than a trustee the court must allow to him the reasonable and necessary expenses actually paid by him and if he be an attorney of this state and shall have rendered legal services in connection with his official duties, such compensation for his legal services as appear to the court to be just and reasonable and in addition thereto it must allow to the fiduciary for his services as fiduciary, and if there be more than one, apportion among them according to the services rendered by them respectively the following commissions:

(a) For receiving and paying out all sums of money not exceeding $25,000 at the rate of 4 percent.

(b) For receiving and paying out any additional sums not exceeding $125,000 at the rate of 3½ percent.

(c) For receiving and paying out any additional sums not exceeding $150,000 at the rate of 3 percent.

(d) For receiving and paying out all sums above $300,000 at the rate of 2 percent.

2. The value of any property, to be determined in such manner as directed by the court and the increment thereof, received, distributed or delivered, shall be considered as money in computing commissions. But this shall not apply in case of a specific legacy or devise. Whenever any portion of the dividends, interest or rent payable to a fiduciary other than a trustee is required by any law of the United States or other governmental unit to be withheld by the person paying it for income tax purposes, the amount so withheld shall be deemed to have been received and paid out.

\* \* \*

5. If the gross value of the principal of the estate accounted for amounts to $100,000 or more each fiduciary is entitled to the full compensation on principal and income allowed herein to a sole fiduciary unless there be more than 3, in which case the compensation to which 3 would be entitled must be apportioned among them according to the services rendered by them respectively. If the gross value of the principal of the estate accounted for is less than $100,000 and there is more than 1 fiduciary the full compensation for receiving and paying out principal and income allowed herein to a sole fiduciary must be apportioned among them according to the services rendered by them respectively. Where the will provides a specific compensation to a fiduciary other than a trustee he is not entitled to any allowance for his services unless by an instrument filed with the court within 4 months from the date of his letters he renounces the specific compensation. Where successive or different letters are issued to the same person on the estate of the same decedent, including a case where letters of administration are issued to a person who has previously been appointed a temporary administrator, he is entitled to a total compensation equal to the compensation allowed for the full administration of the estate by a fiduciary acting in a single capacity only. Such total compensation shall be payable in such proportions and upon such accounting as shall be fixed by the court settling the account of the person holding successive or different letters but no paying out commissions shall be allowed except upon such sums as shall actually have been paid out at the time of the respective decrees for debts, expenses of administration or to beneficiaries.

specified rates for executors for receiving and paying out sums. The section specifically provides that the value of property on which commissions are to be computed shall not include a specific legacy or devise and further specifically provides that if the gross value of the principal of the estate accounted for is an amount of $100,000 or more, each fiduciary is entitled to full compensation on principal and income allowed to a sole fiduciary unless there are more than three, in which case the compensation to which three fiduciaries would be entitled must be apportioned among them according to the services rendered by them.

Apparently respondent does not contest petitioner's computation of $78,200 based on petitioner's theory of the proper method of computation, and petitioner does not contest respondent's computation of $35,378.16 based on respondent's method of computation, with one exception. Petitioner contends that respondent's computation is erroneous even on his theory in not including in the base on which each commission is computed the portion of the estate tax applicable to the $200,000 indebtedness of decedent's son to the estate. Petitioner points out that this indebtedness was forgiven by the will except to the extent of the allocable portion of the estate and inheritance tax thereon. Petitioner contends that therefore the portion of the estate and inheritance tax allocable to including the $200,000 note in decedent's estate was not a specific bequest. Respondent does not deny that the amount of the estate and inheritance tax allocable to the $200,000 forgiven indebtedness is properly includable in the base for figuring commissions, but contends that the record does not contain sufficient evidence to show the portion of the estate and inheritance tax allocable to the $200,000 forgiveness of indebtedness.

Respondent directs our attention to numerous New York cases which state that the amount of commissions allowable to executors of an estate in New York is statutory. New York cases containing this statement are numerous. See, for instance, *In Re Tuttle's Estate*, 4 N.Y.2d 159, 167, 149 N.E.2d 715, 173 N.Y.S.2d 279, 285 (1958), in which the court states:

We all know that the courts from the earliest times to the present have held that an executor for his services as such cannot collect anything beyond the statutory commissions (Collier v. Munn, 41 N.Y. 143).

See to the same effect *In re Estate of Volckening,* 75 Misc. 2d 221, 347 N.Y.S.2d 521 (Kings County Surr. Ct. 1973); and *In Re Estate of Marri,* 79 Misc.2d 990, 361 N.Y.S.2d 307 (Nassau County Surr. Ct. 1974), which point out that even in the absence of objections to a claim for commissions it is the prerogative of the court to compute commissions according to law. See also *In re Povlsen's Estate,* 62 Misc.2d 239, 308 N.Y.S.2d 168 (Kings County Surr. Ct. 1970); *In re Estate of Roth,* 53 Misc.2d 1066, 281 N.Y.S.2d 225 (N.Y. County Surr. Ct. 1967).

Petitioner in effect admits that New York law limits the value of pledged collateral includable in computing executors' commissions to the amount in excess of the indebtedness secured by that collateral. Petitioner argues that the provision in decedent's will in this case removes this limitation. See *In re Butterworth's Estate,* 158 Misc. 477, 286 N.Y.S. 112 (N.Y. County Surr. Ct. 1936).

Neither party cites us a case dealing with the precise question here involved. Petitioner cites a New York case, *In re Bostwick's Trust,* 70 N.Y.S.2d 352 (N.Y. County Sup. Ct. 1947), which deals with allowance of trustees' fees. However, in our view, the holding in that case is totally inapplicable to the issue here involved with respect to executors' commissions since the provision of law with respect to trustees' commissions differs from that with respect to executors' commissions. The provision of law dealing with commissions of trustees provides for statutory computation only where the instrument creating the trust or other agreement does not fix the compensation. Therefore, in our view the issue here is one of first impression.

We are not impressed with petitioner's argument that the allowance by the Surrogate's Court of advance commissions is indicative that the law of New York allows executors' commissions in accordance with the provision of a will. As is shown by our findings of fact, this allowance was tentative and required the posting of bond by each executor to provide for the return of the amount paid to him in the event the

commissions ultimately allowed by the decree after an accounting should be less than the amount already allowed.

Cases dealing with allowance of executors' commissions generally hold that where there has been no actual payment of such commissions, deductible commissions are to be computed under statutory State laws. See, e.g., *Degener v. Commissioner*, 26 B.T.A. 185 (1932); *Lit v. Commissioner*, 28 B.T.A. 853 (1933). In both of these cases we allowed commissions to be deducted for the purpose of computing estate tax in accordance with the provisions of the statutory law of New York. In *Degener v. Commissioner, supra*, we specifically stated at page 190 that "The petitioners are entitled to deduct from the gross estate the amount allowable as executors' commissions, computed under the rates prescribed by the New York Surrogate's Court Act upon the valuation of the gross estate as determined as of the date of the decedent's death," citing a number of previous cases.

This Court has also had under consideration whether an amount actually paid as executors' commissions should be allowed if the amount is not shown to be a proper amount under the law of the State in which the estate is being administered. In *Estate of Audenried v. Commissioner*, 26 T.C. 120 (1956), an opinion which was reviewed by the Court, after quoting the provisions of the regulations with respect to executors' commissions comparable to the provisions of section 20.2053–3(b), Estate Tax Regs., we stated (p. 122):

Petitioner argues the above regulation provides the executor may deduct his commissions in such an amount as has actually been paid. In *Estate of Charlotte D. M. Cardeza*, 5 T.C. 202, a case involving a Pennsylvania estate and substantially the same factual basis as is presented here, we interpreted the above regulation as follows:

"The regulations provide that executor's and administrator's fees are properly deductible as a part of the administration expenses under section 812(b). They further provide: 'The executor or administrator, in filing the return, may deduct his commissions in such an amount as has actually been paid * * *.'

"It is not denied that the fees in question have been paid, nor does the respondent advance any reason why the regulations here should not be followed. Furthermore, considering the size and nature of the estate, we are of the opinion that the fees claimed are not unreasonable in amount. Cf. *Estate of Otto Jaeger*, 16 B.T.A. 897. Accordingly, we hold that the amounts paid are deductible."

The *Cardeza* case was appealed by both parties to the Court of Appeals for the Third Circuit. On this appeal the Commissioner did not assign as error our interpretation of his regulation as allowing the deduction of executor's fees in an amount "actually paid." The decision in the *Cardeza* case was affirmed without mention of the above portion of our conclusion. *Commissioner v. Cardeza's Estate*, 173 F.2d 19.

In *Fidelity-Philadelphia Trust Co. v. United States*, 222 F.2d 379, it was stated the sole basis for our conclusion in the *Cardeza* case was that the regulation previously quoted allows the deduction for the amount of executor's commissions actually paid. The court rejected such an interpretation and goes on to hold the words "such an amount as has actually been paid" contained in the regulation must be read as modified by the statutory phrase "as are allowed by the laws of the jurisdiction." We will accept the rule of the *Fidelity* case, which rule, under the statute and regulation we perceive to be that the Commissioner should allow as a deduction the executor's fee allowed by the laws of the jurisdiction, in an amount which has actually been paid.

In *Estate of Cardeza v. Commissioner* and *Fidelity-Philadelphia Trust Co. V. United States* referred to above in the *Audenried* case, the State of jurisdiction was Pennsylvania. As pointed out in the *Fidelity-Philadelphia Trust Co.* case, there is no statute in Pennsylvania governing the amount of the allowance for executors' commissions.

In our view, our holding in *Estate of Audenried v. Commissioner, supra,* in which we accepted the interpretation of the Commissioner's regulation set forth in the *Fidelity-Philadelphia Trust Co.* case, makes it incumbent on this Court to look to the law of the State in which an estate is being administered to determine the amount of deductible executors' commissions, whether or not any amount has actually been paid. Certainly, in a situation such as the present, where there has been no final action with respect to the allowance of executors' commissions, we are required to determine the amount of commissions allowable under New York law. Our attention has not been directed to nor have we found any New York case dealing with the amount of executors' commissions to be allowed when a will contains a provision such as is contained in decedent's will. We must therefore determine what the law of New York is under such circumstances. *Commissioner v. Bosch's Est.*, 387 U.S. 456 (1967). Subsection 5 of section 2307 of the Surrogate's Court Procedure Act contains a provision that "Where the will provides a specific compensation to a fiduciary other than a

trustee he is not entitled to any allowance for his services unless by an instrument filed with the court within 4 months from the date of his letters he renounces the specific compensation." The few cases we have found dealing with this provision discuss "specific compensation" as a specified amount of money. In *Richardson v. Richardson*, 145 App. Div. 540, 129 N.Y.S. 941, 943 (2d Dept. 1911), the will involved provided that the executors "are to have One hundred and fifty dollars each for this work * * * and to receive Five hundred dollars each to be executor and trix." The estate was insufficient to satisfy all legacies and the issue was whether the executors' compensation should be paid in full or abate ratably with the legacies. The court held from the wording of the will that the amount was considered as compensation. The court pointed out that the compensation provided was not unreasonable or unearned and then stated:

As was said in Matter of Tilden, 44 Hun. 441, 444 in which the Surrogate's Court had held that a similar compensation provided in a will, *in excess of that allowed by law,* was not a legacy:

"The provisions in the will were intended to be as compensation for services rendered, to be in no respect a gift, but an authority to charge for their services a certain sum."

The compensation provided by the will is not a legacy, and does not abate with the legacies, but is compensation, carefully determined by the testator and directed to be paid for the services to be rendered, and is therefore to be paid in full.

[Emphasis added.]

See also *In re Untermyer's Estate*, 95 N.Y.S.2d 2, 4–5 (N.Y. County Surr. Ct. 1944), allowing the "fixed sum specified in the will in lieu of any and all commissions payable from principal" to which the executors "would have otherwise been entitled." See also *In re Buck's Estate*, 120 N.Y.S. 2d 429 (Monroe County Surr. Ct. 1953), and *In Re Hayes' Estate*, 102 N.Y.S.2d 111 (Monroe County Surr. Ct. 1951), both of which hold that the statutory commission for an executor is his only compensation for services rendered an estate.[5]

---

[5] It is interesting to note that the New York estate tax law (N.Y. Tax Law sec. 226 (McKinney 1966)) in effect for persons dying prior to Sept. 1, 1930, provided:

Sec. 226. Taxes upon devises and bequests in lieu of commissions

If a testator bequeaths or devises property to one or more executors or trustees in lieu of their commissions or allowances, or makes them his legatees to an amount exceeding the commissions or allowances prescribed by law for an executor or trustee, the excess in value of the property so bequeathed or devised above the

From the statute and the cases above discussed, we conclude that "executors' commissions" in New York are strictly as provided by statute although a "fixed sum" may be provided "in lieu" of such commissions which will be paid "in lieu" of executors' commissions as compensation, if sufficient services are rendered to warrant the payment, or be considered as a legacy if from the will it appears a legacy was intended. If no legacy was intended, and services warranting the "in lieu" of statutory commission payment are not rendered, the "fixed sum" amount provided for in the will is not allowed. *In re Brigg's Will,* 39 App. Div. 485, 57 N.Y.S. 390 (1st Dept. 1899).

Section 2053 provides for allowance of "administration expenses * * * as are allowable by the laws of the jurisdiction * * * under which the estate is being administered." The only exception in New York law to the statutory allowance for executors' commissions is when the will provides a "specific compensation" in lieu of such commissions. Even where the will provides for a "fixed sum" which is allowed "in lieu" of commissions, the cases indicate that such sum is not allowed unless shown to be reasonable for the service rendered. The cases also indicate that even where shown to be reasonable for the services rendered, the "fixed sum" even though "compensation" is not necessarily "executors' commissions" allowable by law. Cf. *Ream v. Bowers,* 22 F.2d 465 (2d Cir. 1927). In this case the decedent's will did not provide for "specific compen-

---

amount of commissions or allowances prescribed by law in similar cases shall be taxable under this article. L. 1909, c. 62. * * *

From 1930 until 1963 the New York estate tax law provided in this respect:
Sec. 249–s. Net estate
* * * Deductions on account of commissions or allowances to executors shall not exceed the amount of such commissions or allowances as prescribed by law. * * *

The New York law in effect since 1963 provides:
Sec. 955. Resident's New York estate tax deductions
(a) General.—The New York estate tax deductions for the estate of a deceased resident mean the deductions from his federal gross estate allowable in determining his federal taxable estate under the internal revenue code (whether or not a federal estate tax return is required to be filed), exclusive of the sixty-thousand dollar exemption under section two thousand fifty-two of the internal revenue code, and adjusted as provided by subsections (b) and (c) of section nine hundred fifty-six and subsection (c) of section nine hundred fifty-seven.

(b) Waiver of deductions.—If the right to any deductions otherwise allowable is waived for federal estate tax purposes, it shall be considered waived for New York estate tax purposes.
[Fn. ref. omitted.]

sation" or a "fixed sum" to the executors. The will provided for commissions "computed under the laws of New York" with some modification of the computation provided for by those laws. Furthermore, there is nothing in this record to show that any amount in excess of the statutory commissions is reasonable or earned by the executors.

On the basis of this record, we conclude that respondent's computation of allowable executors' commissions is correct except that, in computing the base to which to apply the statutory commission rates, the specific bequests should be reduced by the amount of estate and inheritance taxes applicable to the $200,000 forgiveness of indebtedness to decedent's son. Apparently respondent's only argument against this adjustment is that petitioner has not shown the proper amount so allocable. However, in our view, the amount of estate and inheritance taxes which are applicable to the $200,000 forgiveness of indebtedness can be computed by the parties under Rule 155.

*Decision will be entered under Rule 155.*