OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding, pursuant to stipulation of April 25, 1991, the various objections to the account were limited to those relating to attorneys’ fees for both the executor and the objectant’s attorneys and possible interest to be charged on overpayments; commissions payable to the executor and any surcharge for improperly paying commissions without court order; accountants’ fees paid and unpaid; and *420 the alleged failure to keep estate funds in interest bearing accounts. The parties have consented to submit the remaining objections on the papers before the court without a hearing.
I. attorneys’ fees. The decedent was an attorney and apparently had shared space and services with the attorney for the executor, Leonard S. Gordon, over many years in the same office. Printed on the letterhead of Mr. Gordon’s firm are the names of three individuals, presumably partners. Below their names appears a solid line followed by other names, one of which is Alan L. Kanofsky. An asterisk follows his name and a note below indicates that he is a member of the Georgia Bar. Mr. Kanofsky was selected by the decedent as his executor, and in a letter to Mr. Gordon dated September 23, 1986, one day after the date of his will, he recites that in paragraph twelfth of his will he requests his executor to consult with Mr. Gordon on all matters involving his estate. He also directs his executor that Mr. Gordon’s fee for legal services rendered to the estate should be fixed at the rate of 7%. The decedent acknowledged that this rate was "higher than the rate usually allowable by the Surrogate” but in consideration of the many favors extended to him by Mr. Gordon over the years, including the sharing of space and services at reduced rates, he directed that his intentions expressed in the letter "be considered valid and binding.” The letter is presumably signed by the decedent.
Both the executor and the attorney have taken the position that the provisions of the letter are binding, and in fact the executor has paid to Mr. Gordon the sum of $42,816.11 on April 11, 1989, based upon a bill submitted by Mr. Gordon dated the same day, basing his fee on 7% of an estate valued at $611,658.71, together with disbursements of $861.22. The original account values the estate somewhat higher at $615,449.90, while the amended account is considerably less at $526,477.19.*
The objectant challenges the payment in part because the executor made no attempt to determine the letter’s validity. Since, of course, this matter has been submitted on the papers without a hearing, for the purposes of this decision the decedent’s letter will be presumed valid and its acceptance by the executor will be deemed to have been proper. More importantly, the objectant stresses that virtually none of the legal *421 services performed were properly carried out. The question of adequate performance of the services becomes critical here in view of the insistence by the attorney and the executor that the fee is required to be fixed at 7% pursuant to the decedent’s letter which he directed should be considered "valid and binding.” In analogous situations where testators have fixed by will the amount of executor’s commissions in lieu of statutory commissions, those provisions have been held to be intended as compensation for services to be rendered and not a gift (Richardson v Richardson, 145 App Div 540; Matter of Tilden, 44 Hun 441). Accordingly, the letter which fixed Mr. Gordon’s fee at 7% and which the decedent considered binding was not a gift but compensation for services expected to be rendered. Under those circumstances, performance was a requisite to earning the compensation (see, United States v Merriam, 263 US 179). If the letter can be considered in the nature of a retainer agreement, the award of counsel fees thereunder presupposes not only that the legal services were performed, but that they were performed satisfactorily, and a client may show as a defense to a claim for compensation that the services were ignorantly or negligently performed (1 Speiser, Attorneys’ Fees § 4:4).
The following list highlights only some of the alleged improper services performed which the court concurs demonstrate either lack of competency or negligence on the part of the attorney:
[Following enumeration of six specific instances of perceived neglect, discussion of which has been eliminated for purposes of publication, the court continued as follows:]
Without digressing any further into other allegations of impropriety, there is sufficient indication to support the conclusion that the services in large part were not competently performed. As stated in Degen v Steinbrink (202 App Div 477, 481), "If the attorney is not competent to skillfully and properly perform the work, he should not undertake the service.” (See also, Matter of Lohm, 440 Pa 268, 269 A2d 451, 457; 1 Speiser, Attorneys’ Fees § 4:4.) The court accordingly concludes that the fee stipulated in the decedent’s letter of September 23, 1986 is unenforceable, and accordingly the fee will be fixed on the basis of quantum meruit (Matter of Schanzer, 7 AD2d 275, affd 8 NY2d 972; Matter of Rosenman & Colin, 850 F2d 57 [2d Cir]).
Considering all of the criteria, the attorney’s fee is fixed in *422 the amount of $10,000, and he is directed to return the balance of $32,816.11, together with interest at the legal rate from April 11, 1989 (SCPA 2110 [3]). Disbursements are allowed in the reduced amount of $650, with the additional sums representing law office overhead to be returned to the estate (Matter of Bloomingdale, 172 Misc 218).

 The major reason for this difference is the improper inclusion in the original accounting of a Totten trust account in the amount of $93,915.25.